```
HEATHER E. WILLIAMS, #122664
Federal Defender
DAVID M. PORTER, #127024
Assistant Federal Defender
OFFICE OF THE FEDERAL DEFENDER
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel:  (916) 498-5700/Fax (916) 498-5710

Attorneys for Defendant
PATRICK GRIFFITH
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.  2:18-CR-00160-WBS |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND ORDER REGARDING DEFENDANT'S ADMISSION TO VIOLATION OF TERM OF SUPERVISED RELEASE; DISPOSITION AND DEFENDANT'S WAIVER OF APPEARANCE |
| v. | ) | |
| PATRICK GRIFFITH, | ) | Judge:          Hon. William B. Shubb |
| Defendant. | ) | Current Date: June 1, 2020 |
| | ) | Time:             9:00 a.m. |

    The parties, Defendant PATRICK GRIFFITH, represented by Assistant Federal Defender David M. Porter, and the UNITED STATES, represented by Assistant United States Attorney Rosanne L. Rust, along with the UNITED STATES PROBATION OFFICE, by and through United Stated Probation Officer Kendall Millhouse, hereby set forth the following stipulations and requests regarding Mr. Griffith's admission of a violation of his term of supervised release and the appropriate disposition in this case.

    1.  In sum, the Defendant, the United States, and the United States Probation Office agree that the appropriate resolution in this case is:  (a) for Mr. Griffith to admit to Charge 1 in the pending Violation Petition (ECF No. 4, filed March 16, 2020); and (b) for the United States and the United States Probation Office to dismiss the remaining charge in the Violation Petition. Moreover, in light of this agreement, the parties jointly request this Court find Mr. Griffith in

violation of the terms of his supervised release and sentence him to time served.  Should the Court follow this joint request, the parties request that the Court vacate the pending admit/deny hearing date, which is currently set for June 1, 2020.

2. In light of this agreed-upon resolution, Mr. Griffith agrees and stipulates to the following:

   He has received the Violation Petition and has had sufficient time to discuss the violation charges with his counsel, he understands the charges, and he wishes to admit to Charge 1 of the Violation Petition, which charges him with a failure to notify of change in employment.  Mr. Griffith admits that he failed to inform the probation officer within 72 hours of becoming aware of a change in his employment.  Moreover, Mr. Griffith admits the facts described in the factual basis fully support the charge.

   Mr. Griffith acknowledges and understands that his admission to Charge 1 of the Violation Petition provides the Court with a basis to find him in violation of standard condition number 7 of his terms of supervised release.  He understands and acknowledges that this admission carries with it potential consequences, including a maximum possible term of incarceration of three years and a Guidelines range of three to nine months imprisonment as discussed in the Revocation Guide at page 7 of ECF Number 4.

   Mr. Griffith accordingly knowingly and voluntarily ADMITS Charge 1 of the Violation Petition.  He did violate the standard condition, which states, the defendant "must notify the probation officer within 72 hours of becoming aware of a change or expected change [in employment]."

   Mr. Griffith also acknowledges and understands he has a right to a revocation hearing concerning Charge 1 of the Violation Petition, where the government would bear the burden of proving the charge by a preponderance of the evidence.  Mr. Griffith agrees that in admitting this violation, he understands all of his rights under Federal Rule of Criminal Procedure 32.1(b)(2), and that he has received the opportunity to exercise all of those rights, including the right to a revocation hearing, the right to written notice of the alleged violation, the right to disclosure of the evidence against him, the right to an opportunity to appear, present evidence, and question any adverse witness, the right to be represented by appointed counsel, and the right to an opportunity to make a statement and present information in mitigation.  Pursuant to Federal Rule of Criminal Procedure 32.1(b)(2), Mr. Griffith voluntarily and intelligently waives any further exercise of those rights in agreeing to this stipulation.

   Similarly, Mr. Griffith acknowledges and understands all of his rights under Federal Rule of Criminal Procedure 32.1(c), including his right to a hearing before the Court modifies the conditions of his supervised release, his right to counsel, and his right to an opportunity to make a statement and present any information in mitigation.  Pursuant to Federal Rule of Criminal Procedure 32.1(c)(2)(A), Mr. Griffith voluntarily and intelligently waives each of those rights, including the right to a disposition or modification hearing concerning Charge 1 of the Violation Petition.

With respect to his personal appearance in Court, Mr. Griffith voluntarily and intelligently waives his right to a court appearance regarding Charge 1 of the Violation Petition. Mr. Griffith has spoken with counsel and agrees that his signature on his behalf on this stipulation operates to bind him to this stipulation and these requests. Due to the coronavirus pandemic, this Court has authorized counsel to sign such documents on behalf of his client (CAED General Order 616), and by his signature below, defense counsel certifies that Mr. Griffith has spoken with him and authorized him to sign on his behalf in support of this stipulation as well as to waive any further Court appearance on this matter.[1]

3. The parties and the Probation Office jointly stipulate and request the following:

The Court accept Mr. Griffith's waivers in this stipulation and agree to proceed without a court appearance;

the Court accept Mr. Griffith's admission to Charge 1 of the Violation Petition and enter it on the record;

the Court find Mr. Griffith in violation of his terms of supervised release imposed on October 13, 2017;

the Court enter an order sentencing Mr. Griffith to time served on this violation, and continues his term of supervised release on all the same terms and conditions as ordered on the amended judgment filed by the court on October 13, 2017 ; and,

the Court dismiss the remaining charge in the violation petition.

4. The parties agree to this disposition in light of Mr. Griffith's general compliance with the terms and conditions of his supervised release, his cooperative attitude since being released after his initial appearance on the Violation Petition, and his strong family support.

///

///

///

///

---

[1] CAED General Order 616 states that "where a defendant's signature is called for, unless otherwise ordered by the court, defense counsel may sign electronically on the defendant's behalf using the format '/s/ name' and file the signed document electronically after defendant has an opportunity to consult with counsel and consents to counsel's signing on defendant's behalf."

5. Should the Court grant the requests of the parties in this stipulation, the parties jointly request the June 1, 2020 admit/deny hearing be vacated.

Dated: May 26, 2020

        HEATHER WILLIAMS
        Federal Defender

        /s/ *David M. Porter*
        DAVID M. PORTER
        Assistant Federal Defender

        Attorneys for Defendant
        PATRICK GRIFFITH

Dated: May 26, 2020

        /s/ *PATRICK GRIFFITH* by counsel
        PATRICK GRIFFITH
        Defendant

Dated: May 26, 2020

        McGREGOR W. SCOTT
        United States Attorney

        /s/ *Rosanne L. Rust*
        ROSANNE L. RUST
        Assistant United States Attorney

        Attorneys for Plaintiff
        UNITED STATES OF AMERICA

Dated: May 26, 2020

        /s/ *Kendall Millhouse*
        KENDALL MILLHOUSE
        United States Probation Officer

**ORDER**

The Court hereby adopts the stipulation and requests above, and will issue a Judgment and Commitment Order consistent with them. The Court accepts Mr. Griffith's admission to Charge 1 and finds him in violation of his terms of supervised release. The Court dismisses the remaining charge. The Court sentences Mr. Griffith to time served in this case, and continues his term of supervised release on all the same terms and conditions as ordered on the amended judgment filed by the court on October 13, 2017. The Court hereby vacates the June 1, 2020 hearing in this matter.

Dated: May 27, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE